UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: UNASSIGNED

| | |
|---|---|
| ELEMENTAL LED, INC., | |
| Plaintiff, | Court No. 20-03888 |
| v. | |
| UNITED STATES, | |
| Defendant. | |

## ANSWER TO COMPLAINT

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, the United States, defendant, responds to the allegations of the complaint of Elemental LED, Inc. (Elemental), plaintiff, as follows:

1. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, denies that U.S. Customs and Border Protection (CBP) assessed Section 301 duties at liquidation on the merchandise described in the complaint. Otherwise, admits.

2. Admits that Elemental is the importer of record of the merchandise described in the complaint. Admits that Elemental filed Protest No. 2801-19-100280. The remaining allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

3. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, admits.

4. Admits.

5. Admits.

6. Admits that CBP classified the subject merchandise under subheading 9405.40.84, HTSUS, upon liquidation with a duty rate of 3.9% *ad valorem*. With respect to the portions of the tariff statute quoted by plaintiff, admits to the extent supported by the tariff statute in effect at the time of liquidation, otherwise denies.

7. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, denies.

8. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, admits that the allegation in paragraph 8 of the complaint is a statement of plaintiff's claim, but denies as to its validity.

9. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

10. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

11. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

12. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

13. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

14. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

15. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

16. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

17. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

18. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

19. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

20. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

21. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

22. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

23. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, denies.

24. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, denies.

25. Admits to the extent supported by Heading 8539, HTSUS, which is the best evidence of its contents, otherwise denies.

26. Admits to the extent supported by Heading 9405, HTSUS, which is the best evidence of its contents, otherwise denies.

27. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, admits to the extent supported by Chapter Note XX 1(f), which is the best evidence of its contents, otherwise denies.

28. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, denies.

WHEREFORE, defendant respectfully requests that judgment be entered dismissing this action, overruling plaintiff's claim, sustaining the decision of the appropriate U.S. Customs and Border Protection official and the assessment thereunder, and granting defendant such other and further relief as may be just and appropriate.

        Respectfully submitted,

        BRIAN M. BOYTON
        Acting Assistant Attorney General

        JEANNE E. DAVIDSON
        Director

        /s/ Justin R. Miller
By:   Justin R. Miller
        Attorney-In-Charge
        International Trade Field Office

        /s/ Peter A. Mancuso
        PETER A MANCUSO
        Trial Attorney
        Department of Justice, Civil Division
        Commercial Litigation Branch
        26 Federal Plaza – Suite 346
        New York, New York 10278
        Tel. (212) 264–0484 or 9230
        Attorneys for Defendant

Dated: April 29, 2021